IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DIALLO O. TURNER,
    Petitioner,

v.                                                                                  Civil No. 3:23cv735 (DJN)

VA DOC,
    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging his convictions in the Circuit Court for the City of Fredericksburg, Virginia ("Circuit Court").

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in the Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). A petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the

courts of the State . . . *if he has the right under the law of the State to raise, by any available procedure, the question presented.*" 28 U.S.C. § 2254(c) (emphasis added).

Here, Petitioner currently has a petition for a writ of habeas corpus pending in the Circuit Court. Therefore, he has not exhausted his available state remedies. Accordingly, by Memorandum Order entered on October 16, 2025, the Court directed Petitioner to show cause as to why the action should not be dismissed for lack of exhaustion.

On October 22, 2025, Petitioner moved for the appointment of counsel. There is no constitutional right to have appointed counsel in post-conviction proceedings. *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997). The Court, however, may appoint counsel to a financially eligible person if justice so requires. *See* 18 U.S.C. § 3006A(a)(2)(B). Petitioner fails to demonstrate that the interests of justice warrant the appointment of counsel at this juncture. Accordingly, Petitioner's motion for the appointment of counsel (ECF No. 19) will be denied without prejudice.

Petitioner fails to advance any basis for not dismissing his § 2254 petition as unexhausted. Accordingly, the action is DISMISSED WITHOUT PREJUDICE for lack of exhaustion. A certificate of appealability will be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner.

                                         /s/
                             David J. Novak
Richmond, Virginia             United States District Judge
Date: November 14, 2025